UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| KRISTA GUINN, | * | |
| ELIZABETH MYERS, and | * | |
| ROBERT DEAL | * | JURY DEMAND |
|     Plaintiffs, | * | |
| | * | NO. _____ |
| vs. | * | |
| | * | |
| MAPCO EXPRESS, INC. and DELEK US | * | |
| HOLDINGS, INC., | * | |
| | * | |
|     Defendants. | * | |

## COMPLAINT

Come the Plaintiffs, by and through counsel, and for their Complaint against Defendants would state the following:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiffs' claims, which present federal questions pursuant to 28 U.S.C. §1331.

2. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

3. The acts complained of herein took place in Hamilton County, Tennessee and the greater Chattanooga area.

### II. NATURE OF PROCEEDING

4. This is an action for legal and injunctive relief stemming from Defendants' failure to maintain sensitive financial and credit information.

### III.  THE PARTIES

5.  Plaintiff Krista Guinn is a resident of Hamilton County, Tennessee.

6.  Plaintiff Elizabeth Myers is a resident of Walker County, Georgia.

7.  Plaintiff Robert Deal is a resident of Walker County, Georgia.

8.  Defendant Mapco Express, Inc., a Delaware corporation with its principal place of business in Brentwood Tennessee, is a convenient store chain doing business in Hamilton County, Tennessee.

9.  Defendant Delek US Holdings, Inc., a Delaware corporation with its principal place of business in Brentwood Tennessee, is a holding company that owns Defendant Mapco Express, Inc.  Delek US Holdings, Inc. does business in Hamilton County, Tennessee.

### IV.  FACTUAL BASIS OF PLAINTIFF'S CLAIMS

10. Defendants own and operate numerous convenience stores through the southeastern United States, including stores in Hamilton County, Tennessee.

11. In the normal course and scope of their operations, Defendants gather and maintain sensitive financial data from customers, including credit and debit card information.

12. U.S. retailers, including MAPCO and DELEK, are required to follow stringent card-industry rules.  The rules that cover transactions on cards branded with logos from Visa, MasterCard International, Inc., American Express Co. and Discovery Financial Services, and others, require merchants to validate a series of security measures, such as the establishment of firewalls to protect databases.  Among other things, merchants are prohibited from storing unprotected cardholder information.

54788                                                          2

13. During various points in March and April 2013, Defendants' computer systems were "hacked" resulting in the theft of customers' sensitive financial data, including credit and debit card information.

14. This theft was publicly announced on Defendants' website(s) in May 2013.

15. Plaintiffs all made credit and/or debit card purchases at Defendants' stores during the period that Defendants admit financial information was stolen. Plaintiffs made such purchases because each was led to believe that the Defendants would not allow personal and private information to be disseminated to other unknown persons or entities

16. Defendants' handling and maintenance of this sensitive financial data, and their failure to safeguard it, fell below industry standards, and failed to comply with applicable federal regulations.

17. Plaintiffs have been damaged by Defendants' failure to safeguard their sensitive financial data either through actual unauthorized transactions or the threat of unauthorized transactions and have incurred expense and the loss of time related to changing cards and accounts because of the Defendants' breach.

## V.  PLAINTIFF'S CLAIMS

**COUNT 1:    Intentional Violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681**

18. FCRA requires the proper disposal or transfer of Consumer Information. *See* 15 U.S.C. §1681w and 16 C.F.R. § 682 *et seq*.

19. In compliance with the FCRA, the Federal Trade Commission ("FTC") codified 16 C.F.R. § 682 *et seq.*, which regulates the responsibility of companies and individuals who possess Consumer Information.  The purpose of the section is to reduce the risk of

consumer fraud and related harms, including identity theft, created by the improper disposal of consumer information.  *See* 16 C.F.R. 682.2(a).

20. "Consumer Information" is defined as "any record about an individual, whether in paper, electronic, or other form that is a consumer report or derived from a consumer report. Consumer Information also means a compilation of such records.  Consumer Information does not include information that does not identify individuals, such as aggregate information or blind data."  16 C.F.R. § 682.1(b).

21. The Personal Financial Information stolen was Consumer Information as defined by 16 C.F.R. 682.1 and FCRA.

22. 16 C.F.R. 682.3 requires that "[a]ny person who maintains or otherwise possesses consumer information for a business purpose must properly dispose of such information by taking reasonable measures to protect against unauthorized access to or use of the information in connections with its disposal."

23. "Disposal" is defined as "the...transfer of any medium, including computer equipment, upon which consumer information is stored."

24. Under FCRA, a "consumer report" means any written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used in whole or in part for the purpose of serving as a factor in establishing the consumers' eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. § 1681b.  *See* 15 U.S.C. § 1681a(d)(1).

25. "Consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing Consumer Reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing Consumer Reports. 15 U.S.C. § 1681a(f).

26. Defendants are a Consumer Reporting Agency and/or possesses and transfers information derived from a consumer report.

27. Plaintiffs are "consumers" or "persons," as defined and contemplated under FCRA. *See* 15 U.S.C. § 1681a(b) and (c).

28. Defendants were required under FCRA to take reasonable measures to protect against unauthorized access while transferring Consumer Information. *See* 16 C.F.R. § 682.3.

29. In conscious disregard of the rights of the Plaintiffs and its customers, Defendants deliberately and/or recklessly did not maintain reasonable procedures designed to protect against unauthorized access while transferring or storing the Personal Financial Information.

30. As described above, Defendants' deliberate and/or reckless conduct allowed third parties to steal, or otherwise access, the Personal Information without Plaintiffs' for no permissible purpose under FCRA.

31. Defendants' conduct violated FCRA, and Plaintiffs have been damaged by Defendants' deliberate and/or reckless actions.

32. As a result of Defendants' conduct, Plaintiffs are entitled to actual damages sustained and statutory damages of not less than $ 100.00 and not more than $1,000.00, as well as the costs and attorneys' fees in bringing this action. 15 U.S.C. § 1681n.

33. Pursuant to the FCRA and 16 C.F.R. § 682, *et seq.*, Defendants were required to maintain Plaintiffs' sensitive financial data in such a manner that it could not be accessed by unauthorized third-parties.

34. Defendants' failure to adequately safeguard this data is a violation of the FCRA and its implementing regulations.

**COUNT II:** **Negligent Violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681**

35. Defendants were required under FCRA to take reasonable measures to protect against unauthorized access while transferring Consumer Information. *See* 16 C.F.R. § 682.3.

36. Defendants were negligent in failing to maintain reasonable procedures designed to protect against the unauthorized access while transferring the Personal Financial Information.

37. As described above, Defendants' conduct allowed third parties to steal, or otherwise access, the Personal Information without Plaintiffs' consent and for no permissible purpose under FCRA.

38. Defendants' conduct violated FCRA, and Plaintiffs have been damaged by Defendants' negligent actions.

39. As a result of Defendants' negligent conduct, Plaintiffs are entitled to actual damages to be proven at trial, as well as the costs and the costs and attorneys' fees in bringing this action. 15 U.S.C. § 1681o.

**COUNT III:  Negligence**

40. Plaintiffs repeat and re-allege the allegations contained in the foregoing paragraphs as if fully set forth herein.

41. Defendants MAPCO and DELEK assumed a duty to use reasonable care to safeguard the credit card and other nonpublic information in its possession.  By its acts and omissions described herein, Defendants unlawfully breached this duty.

42. The private financial information of Plaintiffs which was compromised by the breach of Defendants' security included information that was being improperly stored and inadequately safeguarded in violation of, among other things, industry rules and regulations.  Those rules and regulations created a duty of reasonable care and a standard of care that was breached by Defendants.

43. The breach of security was a direct and proximate result of Defendants' failure to use reasonable care to implement and maintain appropriate security procedures reasonably designed to protect the credit and debit card information and other nonpublic information. This breach of security and unauthorized access to the private nonpublic information of Plaintiffs was reasonably foreseeable.

44. Defendants were in a special fiduciary relationship with all of its customers, including Plaintiffs, by reason of its entrustment with credit and debit card information and other nonpublic information.  By reason of this fiduciary relationship, Defendants had a duty of care to use reasonable means to keep the credit and debit card information and other nonpublic information of its customers secure.  Defendants also had a duty to inform its customers in a timely manner when their credit and debit card information and other

nonpublic information became compromised.   Defendants have unlawfully breached these duties.

45. Defendants had a duty to use reasonable care to prevent the unauthorized access, use, or dissemination of the credit and debit card information and other nonpublic information. Defendants unlawfully breached this duty.

46. As a direct and proximate result of Defendants' conduct falling below the standard of care resulting in the compromise of Plaintiffs nonpublic information, Plaintiffs have suffered, fear, anxiety, emotional distress, loss of time spent seeking to prevent or undo any further harm, and other economic and non-economic damages to Plaintiffs.

47. Defendants had a duty to timely disclose the data compromise to all customers whose credit and debit card information and other nonpublic information was, or was reasonably believed to have been, accessed by unauthorized persons.   Disclosure was required so that, among other things, the affected customers could take appropriate measures to avoid unauthorized charges on their accounts, cancel or change account numbers on the compromised cards, and monitor their account information and credit reports for fraudulent charges.   Defendants breached this duty by failing to notify Plaintiffs in a timely manner that their information was compromised.   Plaintiffs were harmed by Defendants' delay because, among other things, fraudulent charges have been made to Plaintiffs' accounts.

48. Defendants had a duty to use a security system that would protect its customers' credit and debit card information while that information is on the Defendants' network and to protect that information from being accessed by unauthorized third parties.

54788                                                           8

49. Defendants knew or should have known that its network for processing and storing credit and debit card transactions and related information had security vulnerabilities. Defendants were negligent in continuing such data processing in light of those vulnerabilities and the sensitivity of the data.

50. As a direct and proximate result of Defendants' conduct, Plaintiffs have suffered damages including, but not limited to, loss of control of their credit card and other personal financial information; monetary loss for fraudulent charges incurred on their accounts; fear and apprehension of fraud, the burden and cost of credit monitoring to monitor their accounts and credit history; the burden and cost of closing compromised accounts and opening new accounts; the burden of closely scrutinizing credit card statements for past and future transactions; potential damage to their credit history; loss of privacy; and other economic damages.

**COUNT IV:  Invasion of privacy**

51. Plaintiffs had a reasonable expectation that their sensitive financial data would be kept private.

52. In making Plaintiffs' sensitive financial data available to the public, as described above, Defendants have breached Plaintiffs' privacy, and Plaintiffs have been damaged thereby.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a.  That the Court issue and serve process on Defendants and require Defendants to answer within the time prescribed by law;

b.  That upon hearing of this cause Plaintiffs be awarded judgment for damages as a result of Defendants' negligent and illegal actions and/or omissions;

54788                                                      9

c.  That the Court issue an injunction requiring Defendants to institute procedures designed to prevent the unlawful disclosure of customers' financial data;

d.  That Plaintiffs be awarded compensatory damages, including damages for emotional distress;

e.  That the Plaintiffs be awarded liquidated damages;

f.  That Plaintiffs be awarded pre-judgment interest;

g.  That Plaintiffs be awarded punitive damages;

h.  That Plaintiffs be awarded attorney fees, including fees and expenses, and such other and further relief as the Court deems proper; and

i.  Plaintiffs demands a jury to try all claims and issues triable by a jury.


BURNETTE, DOBSON & PINCHAK

By: _____
          Steven F. Dobson, #001936
          H. Eric Burnette, #024342
          Attorneys for Plaintiffs
          711 Cherry Street
          Chattanooga, TN 37402
          Phone: (423) 266-2121
          Fax: (423) 266-3324

54788